IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01281–REB–KMT

MICHAEL MCDONALD,

     Plaintiff,

v.

SEARS AND ROEBUCK,

     Defendant.

---

## ORDER

---

     This matter is before the court on "Defendant's Motion for Leave to Amend Answer" (Doc. No. 13 [Mot.], filed August 26, 2011). Plaintiff filed his response on September 7, 2011 (Doc. No. 20 [Resp.]), and Defendant filed its reply on August 26, 2011 (Doc. No. 27 [Reply]). The motion is ripe for ruling.

     Defendant moves to amend its answer to add the affirmative defenses of res judicata and collateral estoppel. (Mot. at 1.) Defendant asserts the additional affirmative defenses "are relevant because Plaintiff has already pursued certain of the claims that he is now attempting to relitigate in a Small Claims Court lawsuit in 2009." (*Id.*, ¶ 6.) Specifically, on March 5, 2009, Plaintiff filed a Notice, Claim and Summons to Appear for Trial in Boulder County Small Claims Court alleging claims for wrongful termination, being treated unfairly, whistle blowing, and slander, which arose from the same set of operative facts from which Plaintiff's Complaint

in this case arises; namely, Defendant' termination of Plaintiff's employment.  (*See id.*, Ex. A.)

After a trial on the merits on at least some of those claims, the Small Claims Court entered a

judgment in favor of Defendant.  (*See id.*, Ex. B.)

Defendant is in the process of obtaining a transcript of the trial to specifically determine

which particular claims and issues were litigated before the Small Claims Court.  (*Id.*, ¶ 7.)  To

the extent the transcript reveals that certain claims and issues that Plaintiff is currently pursuing

in this lawsuit were fully adjudicated by the Small Claims Court, Defendant intends to promptly

file a dispositive motion on those claims and issues.  (*Id.*)

Plaintiff responds that res judicata and collateral estoppel would not bar his case in this

court because (1) there was no jury in the Small Claims Court; (2) the Small Claims Court could

not have heard the claims for slander, defamation of character, or discrimination alleged in the

present action.  (Resp., ¶ 2, 4.)

Pursuant to Fed. R. Civ. P. 15(a)(2), "The court should freely give leave (to amend

the pleadings) when justice so requires."  *See also York v. Cherry Creek Sch. Dist. No. 5,* 232

F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley

Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003).  The Supreme Court has explained the

circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper
> subject of relief, he ought to be afforded an opportunity to test his claim on the
> merits.  In the absence of any apparent or declared reason-such as undue delay,
> bad faith or dilatory motive on the part of the movant, repeated failure to cure
> deficiencies by amendments previously allowed, undue prejudice to the opposing
> party by virtue of allowance of the amendment, futility of amendment, etc.-the
> leave sought should, as the rules require, be "freely given."  Of course, the grant

2

> or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir.1983).

A Scheduling Order was filed in this matter on September 13, 2011.  (Doc. No. 25.)  That Order specified a deadline for Joinder of Parties and Amendment of Pleadings of October 21, 2011.  (*Id.* at 8.)  Therefore, the motion and proposed amended answer were timely.  Further, the case is in the early stages of litigation.  Plaintiff appears to argue that Defendant's amendments are futile.

The Supreme Court guides that

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).  Thus, an argument against a request to amend a pleading which is solely based on the perceived lack of merit of a specific defense  is malapropos.  Plaintiff has made no showing that the motion to add the affirmative defenses is for the purpose of causing undue delay or as result of a dilatory motive, nor has Plaintiff shown that the request for amendment is made in bad faith.  Moreover, there is no allegation and no support for an allegation that the defendant has engaged in repeated failure to cure deficiencies by amendments previously allowed.  The court finds there is no undue prejudice to Plaintiff by virtue of allowance of the amendment.

Therefore, it is

ORDERED that "Defendant's Motion for Leave to Amend Answer" (Doc. No. 13) is

GRANTED.  The Clerk of Court is directed to file "Defendant's First Amended Answer and

Affirmative Defenses" (Doc. No. 13-3).

Dated this 30th day of September, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge